UIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRAVIS FLOWERS**                                                                                           **PLAINTIFF**

**VS.**                                                               **CIVIL ACTION NO. 3:21-CV-393-HTW-LGI**

**LOUIS DEJOY, et al.**                                                                                  **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This cause comes on the *sua sponte* motion of the Court. The undersigned recommends dismissal of the claims without prejudice because Plaintiff has failed to effectuate service on the Defendants and failed to comply with orders issued by the Court.

**I.      Failure to Effectuate Service of Process**

Federal Rule of Civil Procedure 4(m) provides that:

[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Pursuant to Federal Rule of Civil Procedure 4(l), "unless service is waived proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). In this case, there is no indication in the record that Plaintiff has properly served any Defendant, as required by Rule 4. To date, Plaintiff has failed to establish that proper service of the summons and Complaint was effectuated on any Defendant.

In accordance with Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days in which to serve the Complaint and any summons. That period expired on or about September 8, 2021. Nearly eleven (11) months have passed since the Complaint was filed on June 8, 2021, and it is not clear from the record that any Defendant has been properly served with summons and a copy

of the Complaint. On February 4, 2022 and April 7, 2022, the Court entered Orders to Show Cause, which in part directed Plaintiff to provide the Court with proof that proper service was made upon Defendants.

The undersigned has given Plaintiff ample opportunity to effectuate process on the Defendants or to explain his failure to do so. The undersigned has also warned Plaintiff that failure to comply with the Court's Order would result in dismissal of his case. However, Plaintiff has not effectuated process on any of the four (4) Defendants or explained his failure to do so. Accordingly, Plaintiffs' claims against Defendants should be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m).

## II.    Failure to Comply with Court Orders

The Order to Show Cause [11] and Second Order to Show Cause [13] warned Plaintiff that: "Failure to comply with a timely response may result in the dismissal of this action." Doc. [11], [13].

This Court may dismiss an action if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 41(b) also authorizes this Court to dismiss such an action "*sua sponte* for failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders.").

In this case, Plaintiff failed to comply with the Court's Orders [11] and [13]. As a result, this Court has authority to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 41(b) due to his failure to comply with the Show Cause Order [11] and Second Show Cause Order [13]. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Given the authority surrounding this issue, Plaintiff's failure to comply with the Court's Orders [11] and [13] constitutes failure to prosecute his claims. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). Therefore, *sua sponte* dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be dismissed without prejudice for failure to effectuate service on the Defendants and failure to comply with orders issued by the Court.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings

and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 17th day of May, 2022.

      /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE